**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

PATRICIA G.          *

                       *

      v.               *           **Civil Case No. 17-3654-RDB**

                       *

**COMMISSIONER, SOCIAL SECURITY**[1]   *

                       *

************

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014–01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered the parties' cross-dispositive motions, and Plaintiff's reply. [ECF 14, 17, 18]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Social Security Administration ("SSA") if it is supported by substantial evidence and if the Agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). For the reasons set forth below, I recommend that both motions be denied, that the SSA's decision be reversed in part, and that the case be remanded to the SSA for further analysis.

Plaintiff filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") in 2013, alleging a disability onset date of January 17, 2013. (Tr. 301-11). Her applications were denied initially on September 26, 2013, and on reconsideration on June 5, 2014. (Tr. 149-53, 160-63). An Administrative Law Judge ("ALJ") held a hearing on August 8, 2016, at which Plaintiff was represented by counsel. (Tr. 50-100). Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

Security Act during the relevant time frame. (Tr. 24-40). The Appeals Council denied Plaintiff's request for review, (Tr. 4-8), so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that Plaintiff suffered from the severe impairments of food allergies, irritable bowel syndrome, and chronic fatigue syndrome. (Tr. 26). Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except with occasional climbing of ramps and stairs, never climbing ladders, ropes and scaffolds, and occasional balancing, stooping, kneeling, crouching and crawling. The claimant can have no exposure to unprotected heights, and occasional exposure to weather, humidity, wetness, dust, odors, fumes and pulmonary irritants but never at a concentrated level. She can have occasional exposure to extreme heat and cold, and a moderate noise level. She cannot be exposed to corn, wheat, soy, nuts, brown sugar, red meat, rye, barley, coconut oil and citric acid.

(Tr. 30). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform jobs existing in significant numbers in the national economy. (Tr. 38-39). Accordingly, the ALJ concluded that Plaintiff was not disabled. (Tr. 39-40).

Plaintiff disagrees. She raises three primary arguments on appeal: (1) that the ALJ erred in finding her mental impairments to be non-severe at Step Two; (2) that the ALJ assigned inadequate weight to the opinions of her treating physician, Dr. Kerkvliet; and (3) that the ALJ erred in assessing Plaintiff's subjective assertions of disabling symptoms. Because I agree that the ALJ's analysis was deficient, I recommend that the case be remanded to the SSA for additional explanation. In so recommending, I express no opinion as to whether the SSA's ultimate decision that Plaintiff was not entitled to benefits was correct.

First, I agree that the ALJ committed error in analyzing Plaintiff's mental impairments at Step Two, and elsewhere in the opinion. Specifically, the ALJ cited, in part, to the fact that Plaintiff did not "take medication for her mental impairments" as a reason for discounting the

severity of those impairments, and for assigning less weight to the opinions of her treating sources. (Tr. 27, 37). In fact, however, Plaintiff testified at the hearing that her multiple allergies rendered her unable to take psychiatric medications. (Tr. 72-73). Additionally, later in the opinion, the ALJ assigned "little weight" to the opinions issued by Plaintiff's treating therapist, Janet Glover-Kerkvliet, because a licensed therapist is not an "acceptable medical source." (Tr. 37). In making that assignment, the ALJ did not consider that several of Ms. Glover-Kerkvliet's opinions were co-signed by Plaintiff's treating physician, Dr. Kerkvliet. *See* (Tr. 852-856, 1953-57). Although the Fourth Circuit has not addressed the issue, many courts have determined that a doctor's co-signature on an opinion authored by a non-acceptable treating source indicates an adoption of the opinion by the physician. *See, e.g.*, *King v. Colvin*, 128 F. Supp. 3d 421, 436 n.14 (D. Mass. 2015) ("Where a treating acceptable medical source co-signs a non-acceptable medical treating source's opinion, the resulting opinion constitutes that of both sources."); *Beckers v. Colvin*, 38 F. Supp. 3d 362, 372 (W.D.N.Y. 2014) ("Reports co-signed by a treating physician may be evaluated as having been the treating physician's opinion."); *Brock v. Colvin*, No. 2:10-cv-00075, 2013 WL 4501333, at *6 (M.D. Tenn. Aug. 22, 2013) (determining that an opinion co-signed by a physician is entitled to greater weight than an opinion from an "other source"). Given that Ms. Glover-Kerkvliet and Dr. Kerkvliet both opined that Plaintiff's mental conditions would significantly limit her functional capacity, *see, e.g.* (Tr. 852-56), an appropriate consideration of those medical opinions could likely alter the ALJ's determination as to whether Plaintiff met the *de minimis* bar of proving a severe mental impairment at Step Two. *See Bowen v. Yuckert*, 482 U.S. 137, 158 (1987) (O'Connor, J., concurring) (clarifying that Step Two is only meant to rule out claimants "with slight abnormalities that do not significantly limit" work activity).

Second, the ALJ did not adequately explain the assignment of "partial weight" to the

opinions rendered by Dr. Kerkvliet, particularly as they pertain to the effect of Plaintiff's allergies on her ability to sustain gainful employment. The ALJ specified that Dr. Kerkvliet is a "treating physician." (Tr. 36). Accordingly, his opinions should have been be entitled to "controlling weight" so long as they were "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence in [the claimant's] case record[.]" 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).[2] Here, the ALJ conducted no analysis of Dr. Kerkvliet's opinions that Plaintiff's environmental allergies significantly limit her activities and her ability to work.[3] *See e.g.*, (Tr. 759) (noting that Plaintiff should "avoid all exposure" to "fumes," "dusts," and "gases"); (Tr. 1922) ("[T]he patient's activities have been significantly limited, including her ability to tolerate exposure to environmental allergens and chemicals, including naturally occurring allergens as well as those that are synthesized (e.g., perfumes, colognes, air fresheners, etc.)."); (Tr. 1950) (noting that Plaintiff experiences pain triggered by "environmental allergies," "chemical exposure," and "smells"). Moreover, the ALJ's RFC assessment places no restriction on Plaintiff's ability to work in close proximity to other people in a workplace, which puts her at increased risk for exposure to myriad synthesized allergens. The ALJ asked the VE a hypothetical involving "no exposure to dust, odors, fumes, and pulmonary irritants," (Tr. 93-94), but when advised that the restriction would be work-preclusive, the ALJ instead limited Plaintiff to "occasional" exposure to "non-concentrated" allergens, (Tr. 30), without explaining how that restriction comports with her reported allergic reactions. No opinions from Dr. Kerkvliet, or any other physician, suggest that Plaintiff could tolerate occasional exposure to substances triggering an allergic reaction.

---

[2] This standard has since been revised for cases filed after March 27, 2017. *See* 20 C.F.R. §§ 404.1520c, 416.920c (2017). However, Plaintiff's claims were filed before that date.

[3] Incidentally, I also note that the ALJ erred at Step Two by failing to evaluate the diagnosis of environmental allergies. The ALJ deemed "food allergies" to be a severe impairment, but made no reference to Plaintiff's environmental sensitivities, as diagnosed by her allergist and her treating physician. (Tr. 26-29).

Remand is therefore warranted. I note that, on remand, the burden of producing all relevant medical records remains with Plaintiff. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995) (finding that the applicant bears the burden of production and of proof during the first four steps of the sequential evaluation). If additional records from Dr. Kerkvliet's treatment sessions are available, Plaintiff should ensure they are made part of the record.

Finally, although perhaps not an independent basis for remand, the ALJ's analysis of Plaintiff's subjective assertions of disabling symptoms leaves something to be desired. The ALJ focuses heavily on the objective records from Plaintiff's medical history, and does not specifically cite to other substantial evidence undermining her allegations of disabling pain, allergic reactions, and fatigue. *See Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013) ("A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence."). If this case is remanded, the ALJ should consider whether a more comprehensive evaluation of Plaintiff's subjective assertions is warranted.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

1. the Court DENY Defendant's Motion for Summary Judgment [ECF No. 17];

2. the Court DENY Plaintiff's Motion for Summary Judgment [ECF No. 14];

3. the Court REVERSE IN PART due to inadequate analysis the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g);

4. the Court REMAND this case to the SSA for further proceedings in accordance with this opinion; and

5. the Court close this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.


Dated:  November 08, 2018                              _____/s/_____

Stephanie A. Gallagher
United States Magistrate Judge